**In the Matter of INTERCO, INCORPORATED, et al., Debtors.**

**In re CONVERSE, INC.**

**AMERICAN MARTIAL ARTS, INC., Movant,**

v.

**INTERCO, INCORPORATED, et al., Respondents.**

**Joint Administration No. 91–40442–172. Bankruptcy No. 91–40451–172. Motion Letter Z–114. (Re: Objection No. 21).**

United States Bankruptcy Court, E.D. Missouri, E.D.

April 21, 1992.

Bryan, Cave, McPheeters & McRoberts, Gregory D. Willard, Lloyd A. Palans, John

C. Boyle, Carl J. Spector, St. Louis, Mo., for debtors-in-possession.

Mark E. Goodman, Clayton, Mo., for movant.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This Order addresses Claimant's Motion for Protective Order (Motion Z–114) filed by Claimant American Martial Arts, Inc. ("Claimant"), in connection with Debtors' Claim Objection 21.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (B) of Title 28 of the United States Code. This Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Local Rule 29 of the United States District Court for the Eastern District of Missouri.

On June 26, 1991, Claimant filed a proof of claim against Converse, Inc. in the amount of $1,500,000.00 for damages allegedly sustained as a result of unfair trade practices and a breach of contract by Converse. On November 4, 1991, Debtors filed an objection to this proof of claim as part of Claim Objection 21. The trial on Claim Objection 21 is scheduled for April 2, 1992.

This Court entered an amended pretrial scheduling order on March 5, 1992. That order provided: "All depositions shall be conducted and completed on or before Friday, March 20, 1992."

On March 26, 1992, Debtors sent a notice of deposition to Claimant's counsel, announcing that Debtors intended to take the deposition of Cathy DeBease on Tuesday, March 31, 1992 at 1:00 p.m. E.S.T. at the offices of Converse, Inc. in Massachusetts.

Claimant filed this Motion on March 26, 1992, requesting this Court to enter a protective order preventing Debtors from deposing Cathy DeBease. Claimant argues the deposition is "outside the discovery cut-off date and, further, counsel for Debtors did not disclose Ms. DeBease as a witness pursuant to the court's pretrial scheduling order." Claimant's Motion for a Protective Order, March 26, 1992 at 2. On March 27, 1992, Debtors filed a response in opposition to the Motion and this Court heard arguments of counsel via a telephone conference call on March 30, 1992.

Rule 16(b) of the Federal Rules of Civil Procedure provides for entry of "a scheduling order that limits the time ... to complete discovery." Fed.R.Civ.P. 16(b)(1). Rule 16(b) also provides that the schedule "shall not be modified except by leave of the judge ... upon a showing of good cause." [1]

Rule 26(c) of the Federal Rules of Civil Procedure provides that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the discovery not be had ..." Fed.R.Civ.P. 26(c)(1).

These parties agreed to conduct some discovery after the March 20, 1992 cut-off date. Debtors' counsel asserts that he believed the parties had an agreement with Claimant's counsel to conduct the deposition of Ms. DeBease after that cut-off date. Claimant's counsel asserts the parties had no such agreement. Debtors' counsel also asserts that Ms. DeBease is "an important witness in this case." Debtors' Opposition to Claimant's Motion for a Protective Order, March 27, 1992 at 2.

This Court finds that good cause exists to modify the pretrial scheduling order to

---

1. This Court has made Rule 16 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7016, applicable to claims objections procedures. *See* Standing Order $ 3, April 18, 1991 at 12. This is in accordance with the Federal Rules of Civil Procedure and the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3007 directs that a "contested matter initiated by an objection to a claim is governed by Rule 9014 ..." Rule 9014 sets out the rules under Part VII of the Bankruptcy Rules which shall apply to contested matters and provides that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." In Standing Order $ 3, this Court directed that Bankruptcy Rule 7016 shall apply.

permit Debtors to depose Ms. DeBease, based on the apparent miscommunication among counsel and the belief that Ms. De-Bease is an important witness. Therefore, this Court finds that justice would not be served by issuing a protective order preventing the deposition of Ms. DeBease.[2] This Court finds Claimant is protected from any undue burden or expense in the following provisions: the trial of Claim Objection 21 shall be continued to April 13, 1992; the parties are to consult and agree to the time and place of the deposition of Ms. DeBease; and, if appropriate, Claimant's counsel may participate in the deposition by telephone.

IT IS ORDERED that Claimants' Motion for a Protective Order is GRANTED IN PART, in that Claimant's Counsel is to be permitted to participate in the deposition by telephone, and DENIED IN PART, in that Debtors are permitted to depose Ms. De-Bease.

IT IS FURTHER ORDERED that the parties are to consult and agree to the time and place of the deposition. Claimant's oral request to conduct depositions of two Converse officials outside the scope of the pretrial scheduling order is DENIED.

The trial on Claim Objection 21, scheduled for April 2, 1992 is *CONTINUED to April 13, 1992, at 10:00 a.m. in Bankruptcy Court No. 1.*

---

2. In the Motion for a Protective Order, Claimant refers to a request for an "order quashing the notice of deposition ..." Motion, at 2. This Court has considered the Motion as a motion for a protective order under Rule 26 rather than a motion to quash under Rule 45. This Court further notes that under Rule 45 of the Federal Rules of Civil Procedure, the " 'burden is particularly heavy to support a motion to quash as contrasted to some more limited protection.' " *Truswal Systems Corp. v. Hydro–Air Eng'g, Inc.* 813 F.2d 1207, 1210 (Fed.Cir.1987) (quoting *Westinghouse Electric Corp. v. City of Burlington,* 351 F.2d 762, 766 (D.C.Cir.1965)).